UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SAMUEL D. FELLS,

                                        Petitioner,


            -against-                          **ORDER**
                                               04-CV-03849 (ADS) (JO)

DENNIS BRESLIN, Superintendent,

                                        Respondent.
----------------------------------------------------------X

**APPEARANCES:**

**SAMUEL D. FELLS**
Petitioner Pro Se
2015 Madison Avenue
Apartment 308
New York, NY 10035

**NASSAU COUNTY DISTRICT ATTORNEY'S OFFICE**
Attorneys for the Respondent
262 Old Country Road
Mineola, NY 11501
            By:    Margaret Mainusch, Assistant District Attorney
                   Lawrence J. Schwarz, Assistant District Attorney, Of Counsel

**OFFICE OF THE NEW YORK STATE ATTORNEY GENERAL**
Attorneys for the Respondent
120 Broadway
22nd Floor
New York, NY 10271
            By:    Malancha Chanda, Assistant Attorney General

**SPATT, District Judge.**

Currently pending before the Court is a petition by Samuel D. Fells ("Fells" or the "Petitioner") pursuant to 28 U.S.C. § 2254 challenging his denial of parole related to his April 21, 1982 conviction in Nassau County Court of murder in the second degree, N.Y. Penal Law § 125.25(3), and two counts of robbery in the first degree, N.Y. Penal Law § 160.15(1).

## BACKGROUND

On September 7, 2004, Fells filed a § 2254 petition claiming that the Parole Board improperly failed to consider his assertion of the existence of factual inaccuracies in his pre-sentence investigation report. These asserted inaccuracies include the misspelling of names; whether the victim was shot before or after the assailants entered the victim's home; his employment history; and, whether the victim was lying down when he was stabbed. Fells claims that as a result of these alleged inaccuracies, his due process rights were violated because the Parole Board rejected his requests for parole on three occasions.

On October 8, 2004, the Respondent filed a motion to dismiss the petition on the ground that this Court lacks jurisdiction to grant relief as a result of Fells' failure to secure authorization to file a second petition from the United States Court of Appeals for the Second Circuit, as required by 28 U.S.C. § 2244(b)(3)(A). On January 25, 2005, the Court referred the matter to United States Magistrate Judge James Orenstein for a Report and Recommendation.

On June 6, 2005, Judge Orenstein issued a Report and Recommendation, recommending that the Respondent's motion to dismiss be denied and that the case instead be transferred to the Unites States Court of Appeals for the Second Circuit in the interest of justice pursuant to 28 U.S.C. § 1631. This Court adopted Judge Orenstein's Report and Recommendation and ordered that the petition be transferred to the Second Circuit for a determination of whether to grant Fells leave to file a second or successive petition.

On November 7, 2005, the Second Circuit determined that the petition was not a second or successive petition and remanded the case to this Court. On April 13, 2006, this Court again referred the petition to Judge Orenstein for a Report and Recommendation.

On August 7, 2006, Judge Orenstein recommended that the petition be denied on both procedural and substantive grounds. Judge Orenstein determined that Fells failed to exhaust administrative remedies because he failed to appeal the denial of his Article 78 petition. Judge Orenstein further determined that there was no evidence that the Parole Board relied on the alleged errors in the pre-sentence investigation report and Fells had the opportunity to explain the alleged inaccuracies to the Parole Board. Moreover, Judge Orenstein found that Fells had acknowledged that he and his co-defendant shot and stabbed the victim to death during a robbery, and that fact was relied upon by the Parole Board.

On August 14, 2006, Fells filed objections to the Report and Recommendation, reiterating his claims and setting forth the procedural history of the case. On October 4, 2006, the Office of the Attorney General informed this Court that Fells was released from prison on August 24, 2006. The Respondent argues that the petition, which challenges the Petitioner's denial of parole, is moot. On November 1, 2006, the Petitioner filed a letter with this Court from a non-prison address, stating that he was concerned, not only with his previous failures to obtain parole, but also with possible future use of his pre-sentence investigation report. The Petitioner does not specify his concerns regarding potential use of the pre-sentence investigation report and does not deny that he has been released from incarceration.

## DISCUSSION

"Article III, Section 2 of the United States Constitution limits the subject matter of the federal courts to cases that present a 'case or controversy.'" Butler v. Dolce, No. 03-CV-0608, 2006 U.S. Dist. LEXIS 83390, at *5-6 (N.D.N.Y. Nov. 16, 2006) (citing Spencer v. Kemna, 523 U.S. 1, 7, 118 S. Ct. 978, 140 L. Ed. 2d 43 (1998); Baur v. Veneman, 352 F.3d 625, 631-32 (2d Cir. 2003); Greif v. Wilson, Elser, Moskowitz, Edelman & Dicker LLP, 258 F.Supp.2d 157, 160 (E.D.N.Y. 2003)). "Thus, where the issues presented by a party in an action are no longer 'live,' or the party lacks a legally cognizable interest in the outcome, the federal action is properly

dismissed as moot."  Id.  (citing City of Erie v. Pap's A.M., 529 U.S. 277, 287, 120 S.

Ct. 1382, 146 L. Ed. 2d 265 (2000)).

"The 'case-or-controversy' requirement of Article III is typically satisfied in

the context of federal habeas petitions challenging the validity of a state court

conviction because the incarceration constitutes a concrete injury, caused by the

conviction and redressable by invalidation of the conviction."  Id at *7; Casler v.

United States, No. 04-CV-1157, 2005 U.S. Dist. LEXIS 30362, at *7 (N.D.N.Y. Nov.

17, 2005) (However, "[t]he Supreme Court has long recognized that a challenge to a

criminal conviction itself presents a justiciable case or controversy even after the

expiration of the sentence that was imposed as a result of the conviction").  Therefore,

a habeas petition challenging a criminal conviction "is not necessarily mooted when

the petitioner is released from prison, as collateral consequences of that conviction

may still impinge on the petitioner post-release, and therefore a case or controversy

may continue to exist."  Perez v. Greiner, 296 F.3d 123, 125 (2d Cir. 2002) (citing

Pollard v. United States, 352 U.S. 354, 358, 1 L. Ed. 2d 393, 77 S. Ct. 481 (1957)).

"[I]n Sibron v. New York, 392 U.S. 40, 54-56, 20 L. Ed. 2d 917, 88 S. Ct.

1889 (1968), the Court, citing various collateral consequences such as deportation,

inability to become a citizen, impeachment evidence in future criminal trials, and

increased future sentences, asserted a presumption that collateral consequences attach

to criminal convictions post-release."  Id.  The Second Circuit determined that,

following the Supreme Court's decision in <u>Sibron</u>, "a habeas petition challenging a criminal conviction is rendered moot by a release from imprisonment only if it is shown that there is no possibility that any collateral legal consequences will be imposed on the basis of the challenged conviction." <u>Id</u>. (internal citations omitted). When a term of imprisonment has expired "some concrete and continuing injury other than the now-ended incarceration or parole -- some collateral consequence of the conviction -- must exist if the suit is to be maintained." <u>Casler</u>, 2005 U.S. Dist. LEXIS at *7 (citing <u>Spencer</u>, 523 U.S. at 7).

Although collateral consequences can be presumed when challenging a criminal conviction because criminal convictions usually involve adverse legal consequences, no presumption applies in challenges to proceedings other than the underlying criminal convictions. <u>Butti v. Fischer</u>, 385 F. Supp. 2d 183, 185 (W.D.N.Y. 2005) (citing <u>Spencer</u>, 523 U.S. at 13 (challenge to a finding of parole violation); <u>United States v. Mercurris</u>, 192 F.3d 290 (2d Cir. 1999) (petitioner challenging a sentence enhancement); <u>United States v. Probber</u>, 170 F.3d 345 (2d Cir. 1999) (challenge to revocation of supervised release)).

When a petitioner challenges a proceeding other than the underlying conviction, courts require that a petitioner demonstrate a concrete injury in fact in order to avoid dismissal. <u>Id</u>. at 186. In addition, courts have dismissed habeas petitions which challenged parole revocation because the petitioner was no longer in

prison.  <u>Martinson v. United States Parole Comm'n</u>, No. 02-CV-4913, 2005 U.S. Dist. LEXIS 10648, at *16-18 (S.D.N.Y. June 1, 2005) (citing <u>Hicks v. Lacy</u>, Nos. 99 Civ. 4523 and 00 Civ. 2307, 2003 U.S. Dist. LEXIS 19756, at *4 (S.D.N.Y. Nov. 4, 2003) ("A habeas petitioner no longer in custody who is challenging the result of a parole revocation hearing must therefore demonstrate a concrete, ongoing injury-in-fact attributable to his parole revocation").  Courts in other circuits have also dismissed as moot habeas petitions challenging parole decisions once the petitioner had been released from incarceration.  <u>Id</u>. at *17 (citing <u>Vandenberg v. Rodgers</u>, 801 F.2d 377, 378 (10th Cir. 1986) ("We hold that Mr. Vandenberg's appeal is moot. His petition for habeas corpus merely challenges determinations that delayed his parole date; and because he is already released from custody on parole, we find no purpose in reaching the merits of his arguments"); <u>Brady v. United States Parole Comm'n</u>, 600 F.2d 234, 236 (9th Cir. 1979) ("Appellant's § 2241 habeas corpus petition attacks the Parole Commission's decision to keep him in custody. He is now on parole and does not challenge the validity of his original conviction. On this record the case is moot")).

 In the present case, Fells does not challenge his underlying criminal conviction or the sentence imposed on him following that conviction.  Instead, Fells only challenges the fact that he was denied parole on three occasions.  The present petition does not attack the underlying criminal conviction that resulted in the sentence imposed and Fells has served the term of imprisonment imposed on him.  Moreover,

the Petitioner has not demonstrated that he will suffer any collateral consequences due to the fact that his parole was denied prior to his release. "Nor can this Court envision any collateral consequences to which [the Petitioner] may be subject as a result of that [denial] sufficient to satisfy Article III's case-or-controversy requirement." Id. As a result, this Court finds that this action must be dismissed as moot. Casler, 2005 U.S. Dist. LEXIS at *11 (citing Spencer, 523 U.S. at 14-18; Probber, 170 F.3d at 347-49; see also Hicks, 2003 U.S. Dist. LEXIS at *4).

The Petitioner has been released from prison, and in his November 2006 letter, argues only that his pre-sentence investigation report may be used by the Division of Parole and other agencies in the future. Various courts have held that speculative alleged future collateral consequences are not sufficient to satisfy Article III's case or controversy requirement. Butti, 385 F. Supp. 2d at 186 (citing Spencer, 523 U.S. at 15 (damage to reputation, potential use against petitioner in future civil or criminal proceedings and possible use to support an increased or more severe sentence in a subsequent proceeding are too speculative); Probber, 170 F.3d at 349 (damage to reputation or the possibility that petitioner might be wrongfully convicted in the future was too speculative to be considered a concrete injury). As a result, the Court finds that Fells' petition must be dismissed as moot.

**CONCLUSION**

For the reasons stated above, it is hereby

**ORDERED,** that the petition for a writ of habeas corpus is **DENIED**; and it is

further

**ORDERED**, that the Clerk of Court is directed to close this case.

**SO ORDERED.**

Dated: Central Islip, New York
February 26, 2007

*/s/ Arthur D. Spatt*
ARTHUR D. SPATT
United States District Judge